IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIS BAIRD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-902-NJR-DGW |
| | ) | |
| SALVADORE GODINEZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a). For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants, Linda Cusick, Mrs. Neal, and Mrs. Wagner, be **GRANTED** (Doc. 111) and that the Court adopt the following findings of fact and conclusions of law.

### INTRODUCTION

On August 18, 2014, Plaintiff filed a lengthy Complaint pursuant to 42 U.S.C. § 1983 related to his incarceration at the Lawrence Correctional Center. Beginning in January, 2014, Plaintiff claims that the various Defendants failed to protect him, retaliated against him, inflicted injuries, and failed to provide medical care. As to the moving Defendants, Linda Cusick, Mrs.

Neal, and Mrs. Wagner,[1] who are medical providers, Plaintiff alleges that they refused to provide medical care after a June 16, 2014 incident where Plaintiff claims that his wrist was broken, his shoulder was separated, and he was otherwise battered by two correctional officers (Count 7).

When Defendants filed their Motion, they also filed a notice setting forth Federal Rule of Civil Procedure 56 and informing Plaintiff of the consequences of failing to respond. Plaintiff nonetheless did not respond to the Motion by the March 3, 2016 deadline. In an Order dated March 15, 2016, Plaintiff was granted until March 25, 2016 to file a response and was again warned of the consequences of failing to respond. As of the date of this Report and Recommendation, Plaintiff has not responded to the Motion for Summary Judgment.

## FINDINGS OF FACT

Plaintiff filled out and submitted numerous grievances about the June 16, 2014 battery and subsequent (lack of) medical care.

On an emergency grievance signed on June 17, 2014, Plaintiff complained about Defendant Cusick failing to provide medical care on June 16, 2014 at 9:00 p.m. (Doc. 112-2, pp. 13-14). The grievance, which is marked as an emergency, states that Plaintiff told Defendant Cusick that his wrists were injured but that she failed to detect the injuries and provided no medical care. (*Id*.). This grievance contains no response from the prison but was received by the Administrative Review Board ("ARB") on August 14, 2014. (*Id*.).

In another emergency grievance signed on June 17, 2014, Plaintiff states that on June 17, 2014 at 3:00 a.m., he asked another nurse (who refused to identify herself) for medical care related to his wrists and neck (Doc. 122-2, pp. 15-16). The grievance then states that "approx.. a week later" he learned that the nurses name was Nurse Neal. (*Id*. at p. 16). This grievance does

---

[1] The true spellings of Defendants' names are Linda Cusick, Cynthia Neil, and Rhonda Waggoner, respectively.

not contain a response from the prison but it also was received by the ARB on August 14, 2014. (*Id.*).

In another emergency grievance signed on June 17, 2014, Plaintiff states that on June 17, 2014 at 12:30 p.m. he stopped another nurse, this time Nurse Wagner, seeking medical care for his wrists. (Doc. 112-2, p. 17-18) That nurse also ignored his requests for care. (*Id.*). Again, the grievance does not contain a response from the prison but it was received by the ARB on August 14, 2014. (*Id.*).

On July 25, 2014, Plaintiff filled out other grievances stating that his previous grievances (filed on June 25 and 26, 2014), about Defendants Cusick, Wagner and Neal, had been given to a law library clerk but that no response had been received (Doc. 112-2, pp. 3-4, 19-22). He again complained about the nurses failing to provide medical care (*Id.*). There is no response from the institution; however, the ARB received the grievances on August 14, 2014 (*Id.*).

In sum, Plaintiff dated 6 grievances in June and July 2014 related to the medical care that Defendants Cusick, Wagner, and Neal allegedly failed to provide. None of the grievances contain response from the prison, however, they were all mailed to the ARB which received them on August 14, 2014.

The Court finds that Plaintiff did not submit these grievances to his counselor or to a grievance officer. Rather, the Court finds that Plaintiff mailed these grievances directly to the ARB, bypassing the administrative process at the prison. In order to properly submit a grievance for consideration, Plaintiff was required to place his grievance in the grievance box located in his housing unit or in the gaps in his cell door (Doc. 112-3, ¶¶ 6 and 7). Plaintiff did not use this procedures and his grievances were not properly submitted for consideration.

## CONCLUSIONS OF LAW

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FEDERAL RULE OF CIVIL PROCEDURE 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated that summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

By failing to file a response to the Motion for Summary Judgment, Plaintiff has presented no evidence to support a conclusion that he exhausted his administrative remedies; or any evidence that there is a material fact in dispute. Pursuant to Local Rule 7.1, Plaintiff has admitted the merits of Defendants' Motion. In light of the lack of material facts in dispute, no evidentiary hearing is necessary.

The Prison Litigation Reform Act provides:

No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*,182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has exhausted his remedies. *Id.* 544 F.3d at 742. If a Plaintiff has exhausted his remedies, the case will proceed on the merits. If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor. ILL. ADMIN. CODE TIT. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 days after

the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id*. §504.810(b). The grievance officer is required to advise the Chief Administrative Officer ("CAO" – usually the Warden) at the facility in writing of the findings on the grievance. *Id.* §504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. *Id.* § 504.830(d). An inmate may appeal the decision of the CAO in writing within 30 days to the Administrative Review Board for a final decision. *Id.*, § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. *Id.* §504.840.

There is no competent evidence that Plaintiff submitted his grievances to anyone at Lawrence CC—that he submitted his emergency grievances to the Warden or that he attempted to informally resolve his grievances with his counselor. The grievances themselves (which are hearsay), indicate that Plaintiff gave the grievances to a law library clerk, Ms. Kim Ulrich, to be given to the Warden. There is no evidence, however, that this is an acceptable way to submit grievances. Indeed, the evidence reveals that Plaintiff should have placed his grievances in the grievance box or in the gaps of his cell door to be picked up by a correctional officer.

In a letter, Plaintiff indicates that he did not give the grievances to his counselor because that counselor was throwing away his grievances (Doc. 112-2, p. 7). While the Court does not find this letter to be competent evidence (it is not an affidavit or other sworn statement), Plaintiff may have argued that the administrative process was rendered unavailable. An inmate is

required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). There is no evidence that the law library clerk was such a responsible person to whom Plaintiff should have entrusted his emergency and other grievances. Plaintiff himself was familiar with the grievance process and knew that he must either place the grievance in the grievance box or put it in the gap in his cell door (*See* Doc. 112-5, pp. 3-5). An inmate forfeits the grievance process when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants, Linda Cusick, Mrs. Neal, and Mrs. Wagner be **GRANTED** (Doc. 111), that Defendants Linda Cusick, Mrs. Neal, and Mrs. Wagner be **DISMISSED WITHOUT PREJUDICE**, that Count 7 be **DISMISSED WITHOUT PREJUDICE**, and that the Court adopt the following findings of fact and conclusions of law.

In light of the foregoing, that matter should proceed on Counts 1 through 6 against

Defendants Godinez, Gaetz, Duncan, Treadway, Stafford, Whelan, Livingston, Huddlestone, Leaf, McAlister, Gangloff, Buchanan, Willis, Brant, Adamson, Bruner, and John Doe.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: June 3, 2016**

　　　　　　　　　　　　　　　　　　　　**DONALD G. WILKERSON**
　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**